UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 21-CR-28-APM |
| | ) | |
| V. | ) | |
| | ) | |
| | ) | |
| BRIAN ULRICH, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BRIAN ULRICH'S SUPPLEMENTAL
BRIEF ON 18 U.S.C. § 1512(c)(2)**

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.  18 U.S.C. § 1512(c)(2) requires some nexus to tangible evidence, though not necessarily tangible evidence already in existence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    II.  The Supreme Court's Ruling in *Yates v. United States* necessitates a more restrictive reading of Section 1512(c)(2), moored to the notion that the obstruction of justice charge be tied to alteration of real or potential evidence in regards to an official proceeding. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

**CASES**

*National Ass'n of Mfrs v. Department of Defense,* 138 S. Ct. 617 (2018) . . . 3

*Yates v. United States,* 574 U.S. 528 (2015) . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6-8

*Lawson v. FMR LLC,* 571 U.S. 429 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Marx v. General Revenue Corp.,* 568 U.S. 371 (2013) . . . . . 8

*United States v. Pugh,* 945 F.3d 9 (2d Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . 5-6, 9

*Untied States v. Petruk,* 781 F.3d 438 (8th Cir. 2015) . . . . . . . . . . . . . . . . . . . 8

*United States v. Johnson,* 655 F.3d 594 (7th Cir. 2011) . . . . . . . . . . . . . . . . . 5

*United States v. Howard,* 599 F.2d 1331 (5th Cir. 1978) . . . . . . . . . . . . . . . . 4

*United States v. De Bruhl-Daniels,* 491 F. Supp. 3d 237 (S.D. Tex. 2020) . . 3, 8

*United States v. Vasquez-Soto,* No. 11-CR-986-02 (GBD) 2013 U.S.
    Dist. LEXIS 63230, 2013 WL 1898174 (S.D.N.Y. May 2, 2013) . . . . 5-6

*United States v. Singleton,* No. 06-CR-80, 2006 U.S. Dist. LEXIS 47962,
    2006 WL 1984467 (S.D. Tex. July 14, 2006) (unpublished) . . . . . . . . 4-5, 8

*United States v. Ortiz,* 367 F. Supp. 2d 526 (S.D.N.Y. 2005) . . . . . . . . . . . . . 5

## STATUTES AND OTHER AUTHORITY

18 U.S.C. § 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 1512(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

18 U.S.C. § 1503 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 1519 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8

Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745 . . . . . . . . . 6-7

S. Rep. No. 107-146 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# DEFENDANT BRIAN ULRICH'S SUPPLEMENTAL
# BRIEF ON 18 U.S.C. § 1512(c)(2)

## INTRODUCTION

COMES NOW DEFENDANT BRIAN ULRICH, by and through his counsel of record, and respectfully files this Supplemental Brief on 18 U.S.C. § 1512(c)(2). In support of his argument that this Honorable Court should grant the previously filed Motions to Dismiss Counts 1 and 2 (Docs. 240 and 288), the Defendant continues to adopt and incorporate the arguments made by the original drafters of those Motions, and furthermore makes it clear that nothing argued herein is intended to contradict or conflict with the arguments previously made on the matter, including those arguments made during oral argument. Rather, this Supplemental Brief is designed to respond to lingering concerns expressed by the Court, and in support of that end, the Defendant shows the following:

## STATEMENT OF THE CASE

At the conclusion of a motions hearing on September 8, 2021, the Court directed the government to file a supplemental brief on whether the federal obstruction charge contained within 18 U.S.C. § 1512(c)(2), and which forms the basis of Counts 1 and 2 of the Fifth Superseding Indictment, applies to the defendants' alleged obstruction of Congress's certification of the Electoral College vote on January 6, 2021. The government filed its supplemental brief on September 22, 2021. (Doc. 437). The Court originally directed that if any defendant wished to file a supplemental brief on the same topic to do so on or before October 6, 2021. The Court further

granted an unopposed extension to October 12, 2021. This Supplemental Brief is thereby timely filed.

## BACKGROUND

1. The Defendant is charged in Count 1 of the Fifth Superseding Indictment (Doc. 328) of conspiring with others in violation of 18 U.S.C. § 371 to corruptly obstruct, influence, and impede an official proceeding, that is the Certification of the Electoral College vote, a supposed violation of 18 U.S.C. § 1512(c)(2). The Defendant is charged in Count 2 of that same Indictment with Obstructing an Official Proceeding in violation of 18 U.S.C. § 1512(c)(2), and aiding and abetting the same, a violation of 18 U.S.C. § 2.

2. Section 1512 is entitled "Tampering with a witness, victim, or informant." Section 1512(c)(2) states in its entirety:

> (c) Whoever corruptly –
>
> > (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
> >
> > (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,
>
> shall be fined under this title or imprisoned not more than 20 years, or both.

3. During the motions hearing conducted on September 8, 2021, the Court expressed concerns about the government's application of § 1512(c) to the defendants' alleged conduct on January 6, 2021. Specifically, the Court targeted its inquiry into two primary areas.

(i)  First, does the text of § 1512(c)(2), including legal precedent and legislative history, restrict application of the statute to obstructive behavior tied to documentary or tangible evidence used in official proceedings?

(ii)  Second, what is the practical effect of enforcing § 1512(c)(2) if it is unmoored from any connection to obstructive behavior tied to documentary or tangible evidence, particularly considering the Supreme Court's ruling in *Yates v. United States,* 574 U.S. 528 (2015)?

## ARGUMENT

**I.      18 U.S.C. § 1512(c)(2) requires some nexus to tangible evidence, though not necessarily tangible evidence already in existence.**

The government is correct in its supplemental brief that courts, when interpreting a statute, look first to the statutory language itself, "giving the words their ordinary meaning." *Lawson v. FMR LLC,* 571 U.S. 429, 440 (2014) (internal quotations omitted).  In the absence of any ambiguity, the court's interpretation may begin and end with the text alone. *National Ass'n of Mfrs. v. Department of Defense,* 138 S. Ct. 617, 631 (2018) (internal quotation marks omitted).

The governing statute in the instant case is 18 U.S.C. § 1512(c), which is comprised of two parts, each requiring a defendant to act "corruptly."  Section 1512(c)(1) focuses on activities that alter, destroy, mutilate, or conceal a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding.  Section 1512(c)(2) is connected to (c)(1) with a semicolon, the word "or," and the phrase "otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so . . ."  This second part of the statute is often referred to as a "residual" or "catch-all" clause. *See United States v. De Bruhl-Daniels,* 491 F. Supp. 3d 237, 251 (S.D. Tex. 2020) (referring to the section as a "potent, independent, and unequivocal catch-all provision").

3

A district court in Texas entertained a challenge to the application of Section 1512(c)(2) and provided an illuminating examination of the scope and intent of the statute. *United States v. Singleton,* No. 06-CR-80, 2006 U.S. Dist. LEXIS 47962*; 2006 WL 1984467 (S.D. Tex. July 14, 2006) (unpublished).  In that case, the defendant was accused of obstruction of justice under Section 1512(c)(2) by furnishing false information to a team of attorneys that was, in turn, incorporated into a report provided to the Federal Energy Regulatory Commission. *Id.* at *16-17. Of note in the case was the fact that no record or document was in existence at the time of the alleged offense.

The court in *Singleton* likened Section 1512(c), which addresses the manipulation of documentary or tangible evidence, to that of 18 U.S.C. § 1503, which is an obstruction of justice statute prohibiting persons from using threats, force, or threatening communications to influence, intimidate, or injure a federal juror or court officer on account of his being or having been a juror or officer. *Id.* at *11.  Section 1503 "then concludes more generally that it is a criminal offense to use threats or force or threating communications to influence, obstruct, or impede the due administration of justice." *Id.* at *11.  In other words, the statute ended with a catch-all provision. The *Singleton* court, in relying on a Fifth Circuit case that examined Section 1503, concluded that "the most natural construction of the second clause is that it prohibits acts that are ***similar in result, rather than manner***, to the conduct described in the first part of the statute." *Id.* at *11 (quoting *United States v. Howard,* 599 F.2d 1331, 1333 (5th Cir. 1978)). "By analogy, the [c]ourt construes the residual clause of § 1512(c) to require some nexus to tangible evidence, though not necessarily evidence already in existence." *Id.* at 12.

4

The government stated in its supplemental brief that limiting Section 1512(c)(2) to "obstructive acts akin to the document destruction or evidence tampering captured in Section 1512(c)(1) . . . would give rise to unnecessarily complex questions about what sort of conduct qualifies as 'similar to but different from' the proscribed conduct 'described in [Section 1512](c)(1).'" Government's Supplemental Brief (Doc. 437) (quoting *United States v. Singleton,* 2006 U.S. Dist. LEXIS at 10; 2006 WL at 3).

There is scant support for the government's admonition against "unnecessarily complex questions." There is, however, growing concern over the expansive nature and use of Section 1512(c). *See United States v. Pugh,* 945 F.3d 9 (2d Cir. 2019). The defendant in *Pugh* was tried and convicted of attempting to provide material support to a foreign terrorist organization and obstruction of justice under Section 1512(c)(1) and (2) for acting with an intent to destroy his communications devices to impair their use in a reasonably foreseeable official proceeding. *Id.* at 15-16. Joining in the judgment of the Second Circuit in affirming the conviction, Judge Guido Calabresi expressed several thoughtful concerns in his concurring opinion, as he went to great lengths to describe "how dangerously far 18 U.S.C. § 1512(c) now extends." *Id.* at 28.[1]

Judge Calabresi noted with concern that obstruction of justice prosecutions under Section 1512(c) have become "broad" and are applied "expansively, as a tacked-on charge in everything from attempted robbery and murder cases to run-of-the-mill drug busts." *Id.* at 29. *See, e.g., United States v. Johnson,* 655 F.3d 594, 598, 602-05 (7th Cir. 2011) (destruction of cocaine base

---

[1] The trial court in *Pugh* sentenced the defendant to 180 months' confinement on the material support to a terrorist organization count and 240 months of incarceration on the obstruction count, *to run consecutively*. *Id.* at 16. Judge Calabresi noted in his concurring opinion that the defendant's support of a terrorist organization was the gravamen of his criminal conduct and that sentencing him to an additional 20 years of incarceration on the obstruction count seemed "incongruous." *Id.* at 29.

actionable under 18 U.S.C. 1512(c)(1)); *United States v. Ortiz,* 367 F. Supp. 2d 536, 538, 540-44 (S.D.N.Y. 2005) (attempted disposal of an automobile used in connection with attempted armed robbery under 18 U.S.C. § 1512(c)(1)); *United States v. Vasquez-Soto,* No. 11-CR-986-02 (GBD), 2013 U.S. Dist. LEXIS 63230, 2013 WL 1898174, at *1 (S.D.N.Y. May 2, 2013) (wiping fingerprints off an automobile actionable under 18 U.S.C. § 1512(c)(1)).  There can be little doubt that the intended meaning of Section 1512(c) has been grossly expanded in the last two decades. Even the government noted in its supplemental brief that the Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745, was enacted in the wake of the Enron collapse and was "principally aimed to 'prevent and punish corporate fraud, protect the victims of such fraud, preserve evidence of such fraud, and hold wrongdoers accountable for their actions.'" (Doc. 437 at 10) (quoting S. Rep. No. 107-146, at 2 (2002)).

Despite its more nuanced and targeted beginnings, Section 1512(c), "as applied and interpreted . . . can now reach everything from the smallest crime to the ***broadest political attack and creates tremendous room for prosecutorial discretion***." *United States v. Pugh,* 945 F.3d. at 29 (emphasis added).  Judge Calabresi's concurring opinion could not have been more prescient because the government's application of Section 1512(c)(2) to this case, one in which there is no allegation of document alteration or tampering, is a misuse of the statute.  As a word of caution, Judge Calabresi warned that judges "should be careful, in examining obstruction of justice cases, to make [their] review searching and contextual." *Id.* at 29.

6

**II.    The Supreme Court's Ruling in *Yates v. United States* necessitates a more restrictive reading of Section 1512(c)(2), moored to the notion that the obstruction of justice charge be tied to alteration of real or potential evidence in regards to an official proceeding.**

The defendant in *Yates* was charged with a violation of 18 U.S.C. § 1519, which criminalizes actions that "knowingly alter[], destroy[], mutilate[], conceal[], cover[] up, falsif[y], or make[] a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence" a federal investigation. Yates was a commercial fisherman who directed a member of his crew to throw a grouper back into the water so that federal authorities could not determine whether the fish was undersized. *Yates v. United States,* 574 U.S. 528, 531 (2014). The plurality opinion reversed Yates' conviction on the grounds that Section 1519's context supported a narrower reading of the phrase "tangible object," which did not include fish. *Id.* at 539.

Taking the government's arguments in turn, their supplemental brief notes that the *Yates* plurality "grounded" its analysis in guides such as Section 1519's caption, "Destruction, alteration, or falsification of records in Federal investigations and bankruptcy" and the title within the Sabanes-Oxley Act within which Section 1519 was placed, "Criminal penalties for altering documents." (Doc. 437 at 19) (citing *Yates v. United States,* 574 U.S. at 539-40). Examining Section 1512(c)(2) under the same light, one notices that Congress did not revise the previous title of that section, which remained "Tampering with a victim, witness, or informant." 18 U.S.C. § 1512(c). The title of the corresponding section in the Sarbanes-Oxley Act, "Tampering with a record or otherwise impeding an official proceeding," does not fundamentally change the scope of the prohibited conduct, which is tampering with the integrity of official proceedings by altering

7

records or encouraging others to do the same. Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, § 1102, 116 Stat. 807.

Next, the government points out that the Court evaluated the placement of Section 1519 within Title 18, at the end of a chapter "prohibiting obstructive acts in specific contexts," suggesting that Congress did not intend on Section 1519 being a complete spoliation ban. (Doc. 437 at 19) (citing *Yates,* 574 U.S. at 540). It is true that Congress placed Section 1512(c) withing the prexisting framework of Section 1512 and that it does serve as a "catch-all" obstruction provision. (Doc. 437 at 19). However, the government ignores the Court's concerns about the scope of Section 1519 and how it would conflict with Section 1512(c)(1) were the more expansive view of the Government's case been accepted. *Yates,* 574 U.S. at 543 (noting that "Nowhere does the Government explain what independent function § 1512(c)(1) would serve if the Government is right about the sweeping scope of § 1519"). The plurality held that they "resist a reading of § 1519 that would render superfluous an entire provision passed in proximity as part of the same Act." (citing *Marx v. General Revenue Corp.,* 568 U.S. 371, 386 (2013)).

The government's interpretation of Section 1512(c)(2) in the instant case is identical to the reasoning supplied by the government in the *Yates* case, and this Honorable Court should take the more restrictive and prudent path taken by the *Yates* plurality for the same reasons that motivated those justices. The government's overly expansive application of Section 1512(c)(2) would render surplusage the remainder of § 1512(c) certainly, and perhaps the other obstruction statutes as well. As the Supreme Court noted in *Marx v. General Revenue Corp.,* "[T]he canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme." 568 U.S. 371, 386 (2013).

The cases cited in support of the government's general position of taking an expansive view of Section 1512(c)(2), including *United States v. Petruk,* 781 F.3d 438 (8th Cir. 2015) (attempting to secure false alibi witnesses and attempting to obtain a false confession); and *United States v. De Bruhl-Daniels,* 491 F. Supp. 3d 237 (S.D. Tex 2020) (providing details of an investigation to the target of that investigation and preparing him for an interview with investigators), still retain an element of falsification and/or manipulation of a record having to do with a proceeding even if that record was not in physical existence at the time of the alleged offense. Much like the court noted in the *Singleton* decision, the record or document does not need to be in existence at the time of the crime. *Singleton,* 2006 U.S. Dist. LEXIS at 11.

Applying this logic to the instant case, it becomes clear how certain conduct would be proscribed by Section 1512(c)(2) that is not prohibited by Section 1512(c)(1), thus allowing the statutes to work in a complementary and harmonious fashion. The residual language in Section 1512(c)(2) "capture[s] conduct similar to but different from that specifically described in (c)(1)." *Id.* at 10. Conduct directly relating to the corrupt alteration, destruction, or concealment of records already in existence is prohibited by Section 1512(c)(1). The catch-all language of Section 1512(c)(2) criminalizes conduct that corruptly and *otherwise* does or attempts to obstructs, influence, or impede any official proceeding regarding records, testimony, reports, analyses, investigations not yet in being. Such a reading of the statute, because it remains moored to the foundation of preserving the integrity of evidence, will not criminalize the following: an activist at a judicial confirmation hearing who creates an outburst to *obstruct* the confirmation process; protestors who demonstrate along a thoroughfare that *impedes* a lawmaker from getting to the Capitol to cast a vote; or a lobbyist who makes outlandish arguments to *influence* a representative's

9

opinion on a particular congressional hearing. None of the aforementioned examples would be prohibited under a narrow interpretation of Section 1512(c) because they do not contain a nexus to the falsification, manipulation, or omission of a record or piece of documentary evidence, but they all could be prosecuted were the government to prevail in its argument before this Court. The only deciding factor would be prosecutorial discretion.

## CONCLUSION

The undersigned respectfully urges this Honorable Court to exercise the restraint and careful examination suggested by the concurring opinion in *Pugh* and followed by the plurality in *Yates* and rule that, as a matter of law, the conduct alleged against the defendants in Counts 1 and 2 is not proscribed by Section 1512(c)(2) because there is not a sufficient nexus to an existing or intended record or piece of documentary evidence and that those two counts can and should be dismissed.

Respectfully submitted,

*/s A. J. Balbo*
A. J. Balbo, Esq.
Balbo & Gregg, Attorneys at Law, P.C.
11258 Ford Avenue, Ste. 11
Richmond Hill, Georgia 31324
912-459-1776 – Telephone
912-459-1777 – Facsimile
aj@balbogregg.com
Georgia Bar No. 142606

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2021, a true and accurate copy of the foregoing was electronically filed and served via the Court's CM/ECF system to all counsel of record.

Respectfully submitted,

/s A. J. Balbo
A. J. Balbo, Esq.
Balbo & Gregg, Attorneys at Law, P.C.
11258 Ford Avenue, Ste. 11
Richmond Hill, Georgia 31324
912-459-1776 – Telephone
912-459-1777 – Facsimile
Georgia Bar No. 142606